

# In the Court of Criminal Appeals of Texas

No. WR-93,799-01

EX PARTE ORLANDO MARTINEZ,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 13-CRD-01-A in the 229th District Court
From Duval County

YEARY, J., filed a concurring opinion, in which SLAUGHTER, J., joined.

Applicant was convicted in 2013 of aggravated sexual assault, indecency with a child, and continuous sexual assault of a child, and sentenced to twenty-seven years' imprisonment in two counts and twenty years' imprisonment in one count. Applicant did not appeal.

In October 2021, Applicant filed an application for writ of habeas

corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his application, he alleges that his trial counsel was ineffective, and that convicting him of aggravated sexual assault, indecency with a child, and continuous sexual assault of a child is a violation of double jeopardy.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's trial occurred in 2013, but this writ application was not filed until eight years later.[1] The record is also silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided.

Consistent with this Court's precedent, the trial court "may *sua sponte* consider and determine whether laches should bar relief." *Smith*, 444 S.W.3d at 667. If the trial court does so, it must give Applicant the opportunity to explain the reasons for the delay, and give the State's prosecutors and/or former counsel for Applicant an opportunity to state

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. *Id.* at 670. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**                     June 8, 2022
**DO NOT PUBLISH**